[No. 24537. Department One. September 11, 1933.]

HARRY M. LUCAS, *as Clerk of the Superior Court of Spokane County, Respondent,* v. AMERICAN BONDING COMPANY, *Appellant.*[1]

*Jas. A. Williams,* for appellant.

*Chas. W. Greenough* and *A. O. Colburn,* for respondent.

[1]Reported in 24 P. (2d) 1084.

MITCHELL, J.—This action was brought by Harry M. Lucas, as clerk of the superior court for Spokane county, against the American Bonding Company of Baltimore, a corporation, to recover on two depository bonds, each in the sum of ten thousand dollars, executed by the American Bank as principal and the American Bonding Company as surety, in favor of the plaintiff as obligee.

The plaintiff, as clerk of Spokane county, deposited in the American Bank, from time to time, moneys which came into his hands by virtue of his office, so that, on April 14, 1932, while the bonds were in force, he had on deposit in the bank $19,784.61. On that day, the bank was closed because of insolvency, and was taken over by the state banking department for liquidation. Immediately upon the insolvency of the bank, the plaintiff made written demand on the defendant for payment of the amount of the deposit, which demand was not complied with.

Before trial, the liquidator of the bank paid plaintiff a dividend in the sum of $1,978.46, leaving a balance due of $17,806.15, in which amount, including interest at legal rate from the date of the insolvency of the bank, findings of fact and conclusions of law were entered for the plaintiff. The defendant has appealed from a judgment on the findings and conclusions.

The funds deposited in the bank by the clerk represented receipts in his office, consisting of deposits or tenders of money into the registry of the court by persons having suits therein, forfeitures, awards in condemnation, moneys paid in by order of court for persons entitled to the same, and other kinds of money ordinarily deposited in court in proceedings generally, for a number of years. Because the funds were that kind, and not statutory clerk's fees, and because of certain language found in the conditions in the bonds,

the appellant claims that the clerk received and held the funds as bailee only, and that the bond company cannot be held liable until, in addition to the bank's insolvency, the clerk has been compelled to pay to those to whom he is liable as bailee.

One of the bonds is entitled "DEPOSITORY BOND." In it, the bank is called the "Principal" and the bonding company is called the "Surety," both of whom "are held and firmly bound unto Harry M. Lucas, Clerk, Spokane County, Washington, called the 'Obligee'," in the sum of ten thousand dollars. The bond then says:

"WHEREAS, The American Bank of Spokane has been named as a depository of the funds of said Harry M. Lucas, Clerk, Spokane County, Washington, and as such depository will receive certain monies of said Obligee for safe keeping;

"Now, THEREFORE, the condition of the above obligation is such, that if the above bounden Principal shall promptly, upon demand, pay over any and all monies so deposited with it upon the written order of the said Harry M. Lucas, Clerk, Spokane County, Washington, or his successors in office and shall safely keep all monies so deposited and shall indemnify and protect the said Harry M. Lucas, Clerk, from any and all loss by reason of using the principal as a depository, then this obligation to be void, otherwise to remain in full force and effect."

The language "shall indemnify and protect the said Harry M. Lucas, etc." is relied on by appellant as if it were the only condition expressed, and therefrom it claims that the bond is one of indemnity only, thus ignoring the first and equally important covenant or condition that the

" . . . principal shall promptly, upon demand, pay over any and all monies so deposited with it upon the written order of the said Harry M. Lucas, Clerk, Spokane County, Washington, or his successors in office and shall safely keep all monies so deposited, etc."

There was nothing, of course, to prevent the parties from making a contract of this sort, that is, of both guaranty and indemnity. The words "shall promptly, upon demand, pay over any and all moneys so deposited" to him or his successor in office, and "shall safely keep all moneys so deposited" are not idle or ornamental words, but words of contract and agreement, easily understood and necessarily expressing intent. This kind of a bond, in substance and effect, is not unknown in this state.

In *Maryland Casualty Co. v. Grays Harbor County,* 159 Wash. 356, 293 Pac. 441, and *Fidelity & Deposit Co. v. Bassett,* 133 Wash. 77, 233 Pac. 325, bonds of similar import to the ones involved in this case were considered and discussed, and in answer to the contention of the surety company in each of those cases that no legal liability against the company was shown because there was no proof that there would ultimately be any loss to the obligee county (which is the same kind of contention made in the present case), the court said that the contention was answered by other language of the bond, setting that language out in the decision, which is, in substance, the same as the conditions in the bonds in these cases, providing for a present, enforcible obligation, upon the failure of the bank to safely keep the funds or its inability to pay as demanded and required by the clerk. The appropriate syllabus in *Maryland Casualty Co. v. Grays Harbor County, supra,* tersely expresses the meaning of such bonds, applied to a situation like the present, as follows:

"The liability of a surety on a county's depositary bond guaranteeing the county's deposit in a bank accrues immediately upon the insolvency of the bank."

The other bond in this case is to the same legal effect. It is entitled "DEPOSITARY BOND TO THE CLERK

OF SPOKANE COUNTY,'' and, while it contains some words common in indemnity contracts, it also says that:

"WHEREAS, The principal in this bond has been designated by the county clerk of said Spokane county, as a depositary *for public funds held and required to be kept by him as clerk,* . . . ; and

"WHEREAS, The amount of such funds upon deposit and to be deposited with said principal, is subject to withdrawal, increase or decrease as said county clerk may determine; and

"WHEREAS, Said bank has contracted to pay said county interest upon the average daily balance, etc. . . .

"Now, THEREFORE, The condition of this obligation is such that if said principal shall fully comply with said contract in all particulars, and at the beginning of each month, render to said clerk a statement showing the daily balance of such county moneys held by it during the month next preceding, and the interest thereon, and how the same has been credited, and shall well and truly keep all such sums of money so deposited or to be deposited, and the interest thereon, subject at all times to the check and order of said clerk, and shall make prompt and faithful payment thereof on checks drawn by such clerk to the extent of all moneys upon deposit by such treasurer with said principal, . . . ''

Without doubt, in our opinion, these funds were embraced and intended to be embraced within the terms of the bonds which became enforcible obligations immediately upon the insolvency of the bank.

The allowance in the judgment of interest from the date of the insolvency of the bank is assigned as error. The liability became fixed and enforcible on that date for a certain specific sum of money. The law fixes the damages for withholding money at six per

cent per annum, or the legal rate of interest. The judgment so provides.

Affirmed.

BEALS, C. J., HOLCOMB, MILLARD, and BLAKE, JJ., concur.